UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE HORSTMANN,<br><br>      Plaintiff,<br><br>      v.<br><br>ST. CLAIR COUNTY, ILLINOIS and BRUCE HAIDA, St. Clair County State's Attorney,<br><br>      Defendants. | Case No. 07-cv-433-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on defendants' motion to dismiss (Doc. 4), to which the plaintiff has responded (Doc. 14), and defendants replied (Doc. 17). For the following reasons, the Court will grant defendants' motion.

## BACKGROUND

Bruce Horstmann resigned from the Belleville, Illinois police department on April 5, 2005 after six years of service. Soon after his resignation, he started working for the Alorton, Illinois police department. When Bruce Haida, the St. Clair County State's Attorney, learned of this, he wrote a letter to Alorton's Chief of Police. In this letter, he wrote, "My office will not pursue the prosecution of any case which is based solely upon the testimony of Officer Bruce Horstmann or is otherwise based in substantial part on the testimony of Officer Horstmann." (Compl. at 2) Horstmann was promptly terminated.

In January 2007, Horstmann submitted an employment application to the East St. Louis police department. Upon learning of Horstmann's application, Haida wrote a letter to the Chief of Police in East St. Louis with the same warning he gave to the Alorton Chief. Horstmann did

not get the job with the East St. Louis police department.  Apparently, this sequence of events took place with respect to several other police departments in the St. Louis metropolitan area. Horstmann believes Haida's letters and other communications have prevented him from being hired as a police officer anywhere in the area.

Based on the foregoing, Horstmann asserts a right to relief under 42 U.S.C. § 1983.  His specific claim appears to be this: Haida, acting under color of law as an agent of St. Clair County, unlawfully interfered with his "real and legitimate property interest in obtaining and retaining employment as a police officer."  (Compl. at 4).

Defendants provide a number of bases for granting the relief they request.  First, Haida claims the Court does not have subject matter jurisdiction as to him by virtue of the Eleventh Amendment.  Second, Haida maintains he enjoys absolute prosecutorial immunity from Horstmann's claim.  Defendants jointly contend no process was due Horstmann with respect to his property interest in obtaining and retaining employment.  St. Clair County contends that it cannot be held liable in this case because the only basis for doing so would be under the doctrine of respondeat superior, which cannot serve as a basis for relief under § 1983.

## ANALYSIS

I.      **Standard of Review**

To state a claim under the federal rules, a plaintiff need only include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This rule presents the pleader with two hurdles: "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests,'" and the allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  *EEOC v. Concentra Health Servs., Inc.*, No.

06-3436, 2007 WL 2215764, at *2 (7 Cir. Aug. 3, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964, 1973 n.14 (2007)).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court takes all well-pleaded facts as true and construes all reasonable inferences in favor of the plaintiff. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). If, when viewing a complaint's allegations in the above manner, the complaint does not plausibly suggest that the plaintiff has a right to relief, dismissal under Rule 12(b)(6) is appropriate. *Concentra Health Servs., Inc.*, 2007 WL 2215764, at *2.

## II.     Subject Matter Jurisdiction

Haida claims that this Court lacks subject matter jurisdiction over him because Horstmann has sued him in his official capacity, making his claim functionally against the State, and therefore barred by the Eleventh Amendment. This contention fails from the beginning. "[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense." *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). "Since the immunity granted by the Eleventh Amendment may be waived and matters of subject matter jurisdiction may not, the Eleventh Amendment immunity is not jurisdictional." *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 696 (7th Cir. 1999), *cert. denied*, 528 U.S. 1159 (2000); *accord Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000).

Though Horstmann failed to designate the nature of his claim against Haida expressly, under the circumstances of this case, the Court finds that it is an individual capacity claim. In *Kolar v. Sangamon County, Ill.*, 756 F.2d 564, 569 (7th Cir. 1985), the Seventh Circuit advised plaintiffs to state the capacity in which they sue a defendant expressly in the complaint. While

3

Horstmann has failed to follow this advice, courts in this Circuit no longer entertain a presumption of an official capacity suit. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000); *Hill v. Shelander*, 924 F.2d 1370, 1373-74 (7th Cir. 2000). Today, "Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity." *Miller*, 220 F.3d at 494.

The Eleventh Amendment does not bar suits against state officials in their individual capacities. *E.g., Miller*, 220 F.3d at 494; *Shockley v. Jones*, 823 F.2d 1068, 1071 (7th Cir. 1987). Because Horstmann relies on specific instances of tortious conduct on the part of Haida, the Eleventh Amendment does not bar his claims.

### III.    Section 1983

To succeed on a claim under § 1983, a plaintiff must plead and prove "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon [him] by a person or persons acting under color of state law." *Kramer v. Village of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004).

####     A.    Absolute Prosecutorial Immunity

Prosecutors have absolute immunity from damages actions for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This immunity shields prosecutors when they act in their quasi-judicial capacity, but not when they act in an administrative or investigative capacity. *Id*. (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *see also Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997). So long as a prosecutor acts within his quasi-judicial capacity, he cannot be liable even if he acted

"maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

To determine if prosecutorial immunity applies, the Court must look to the "nature of the function" the prosecutor performed, not his title. *Buckley*, 509 U.S. at 269; *Spiegel*, 121 F.3d at 256. The official seeking prosecutorial immunity bears the burden of showing that such immunity is justified. *Buckley*, 509 U.S. at 269.

To support his contention that his letter writing campaign was a quasi-judicial function, Haida directs the Court to a 2005 case out of the Ninth Circuit. In reviewing a factual scenario nearly identical to the case at bar, the Ninth Circuit held – despite its reservations – that a prosecutor's "decision not to prosecute [the plaintiff's] cases and [his] communication of that decision [was] intimately tied to the judicial process and . . . thus entitled to absolute immunity." *Botello v. Gammick*, 413 F.3d 971, 977 (9th Cir. 2005). Like the Ninth Circuit, this Court has reservations about attaching absolute immunity to an admittedly destructive letter writing campaign not directed to a specific decision to prosecute an individual case. For this reason, without deciding the issue, the Court will proceed to address the merits of the underlying claim.

B. **Procedural Due Process**

Horstmann did not articulate his claims clearly in the complaint or in his response to defendants' motion for summary judgment. The defendants have assumed – and the Court agrees – that Horstmann has attempted to articulate a procedural due process claim. Indeed, this is the only reasonable assumption given Horstmann's repeated citation of his property interest in his job with the Alorton police department.

The due process clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." To state a claim for a

5

procedural due process violation, a plaintiff must establish that there is "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004).

For purposes of this Order, the Court assumes that Horstmann has met the first two elements of his procedural due process claim. The third element is not so easy. As the Court explained in *Hudson*: "Due process is not a technical conception with a fixed content unrelated to time, place, and circumstances; instead, it is flexible and calls for such procedural protections as the particular situation demands." *Id*. (internal quotation marks and brackets omitted). The process required in a given case is determined by balancing the private interest affected by the official action, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of the additional or substitute procedural safeguards, and the Government's interest. *Id*. at 559-60.

The loss of a job is a very significant deprivation. *Hudson*, 374 F.3d at 560 (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542-45 (1985)). For this reason, "[s]ome form of pre-termination notice and hearing is generally required under the due process clause when a municipality fires an employee with a property interest in [his] employment." *Id*. That said, the Court finds that this case is an exception to this general rule. The Seventh Circuit unquestionably made the above-quoted statement in reference to a case where the plaintiff is the terminated employee and the defendant is the employer who did the terminating. In that situation, a hearing would no doubt be possible. In this case however, it is difficult to conceive how and under what authority Horstmann could have gotten a hearing regarding Haida's letter.

Because the alleged tort in this case bears little resemblance to the types of constitutional torts that this Court and others usually deal with, it is quite difficult to plug the facts of this case

into the balancing test contemplated by the Supreme Court in cases like *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Nevertheless, the Court finds that this case falls under the following rule established in *Hudson v. Palmer*, 468 U.S. 517, 532 (1984) – a pre-deprivation hearing is not necessary to satisfy due process for intentional misconduct when the "loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure." So long as "adequate state post-deprivation remedies are available" victim of intentional misconduct under circumstances similar to the case at bar cannot state a procedural due process claim. *Id*. at 533; *see Stachowski*, 425 F.3d at 1078; *Wall v. City of Brookfield*, 406 F.3d 458, 460 (7th Cir. 2005).

One kind of post-deprivation remedy is a state law tort claim. *Palmer*, 468 U.S. at 535. Horstmann has not alleged that he is without a post-deprivation remedy – an essential element of his claim under the above analysis. There is no need to allow him to attempt to plead his claim again though, because, to the extent Haida's conduct was tortious, Horstmann may seek relief through the tort of libel or tortious interference with contract.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss (Doc. 4) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 29, 2007

                                             s/ J. Phil Gilbert
                                             J. PHIL GILBERT
                                             DISTRICT JUDGE